## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:20-cv-61455

**GUERLINE EDOUARD**,

    Plaintiff,

v.

**TRI-STATE ADJUSTMENTS INC**.,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Guerline Edouard ("Plaintiff") sues Defendant Tri-State Adjustments Inc. ("Defendant") for violating § 1692e(2)(A) of the Fair Debt Collection Practices Act ("FDCPA").

## JURISDICTION AND VENUE

1.    Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2.    Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained conduct of Defendant occurred here.

## PARTIES

3.    Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

4.    Defendant is a Wisconsin corporation, with its principal place of business located in La Crosse, Wisconsin.

5.    Defendant engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

6.      At all times material, Defendant was acting as a debt collector in respect to the collection of Plaintiff's debts.

## DEMAND FOR JURY TRIAL

7.      Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## FACTUAL ALLEGATIONS

8.      On January 10, 2019, Plaintiff suffered an accident and related injuries in the course and scope of Plaintiff's employment that required medical treatment and/or services (the "Work-Injury").

9.      On January 10, 2019, the same day of the Work-Injury, Lakeside Medical Center ("LMC") provided Plaintiff with a portion of the required medical services needed to treat the Work-Injury, whereby the only medical services provided to Plaintiff by LMC were for the treatment of the Work-Injury.

10.     At the time LMC provided its respective medical services to Plaintiff, Plaintiff informed LMC that the sought treatment was for the Work-Injury.

11.     LMC charged a fee for the provision of its (LMC's) respective medical services for treatment of the Work-Injury (the "Consumer Debt").

12.     The Consumer Debt arose from Plaintiff's work-related accident and injuries.

13.     On a date better known by Defendant, Defendant began attempting to collect the Consumer Debt from Plaintiff.

14.     Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

15.     Defendant is a business entity engaged in the business of collecting consumer debts.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

16.     Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

17.     Defendant is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

18.     Defendant's "Consumer Collection Agency" license number is CCA9902501.

19.     Defendant maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

20.     The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant does maintain, are current to within one week of the current date.

21.     On a date better known to Defendant, Defendant sent a collection letter, internally dated July 18, 2019, to Plaintiff (the "Collection Letter") in an attempt to collect the Consumer Debt. A copy of the Collection Letter is attached hereto as Exhibit "A."

22.     The Collection Letter is a communication from Defendant to Plaintiff in connection with the collection of a debt.

23.     The Collection Letter represents an action to collect a debt by Defendant.

24.     The Collection Letter demanded payment from Plaintiff in the amount of $1,444.75

25.     Upon Plaintiff's receipt of the Collection Letter, Plaintiff reviewed and otherwise read the Collection Letter.

26.     In so doing, Plaintiff realized that the debt sought by the Collection Letter, *i.e.*, the Consumer Debt, arose from treatment afforded to Plaintiff on January 10, 2019, for the workplace injury sustained by Plaintiff that same day.

27.     Upon this realization, Plaintiff became visibly upset and physically and emotionally distraught. Despite having been so egregiously injured at work that Plaintiff needed to seek

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

medical treatment, the Collection Letter subjected Plaintiff to further undue pain and suffering by way of unlawful debt collection and wasted Plaintiff's time.

28.     In addition to causing Plaintiff actual harm, *e.g., supra* ¶ 27, the Collection Letter wasted Plaintiff's time. Plaintiff *would not* have *wasted* time reading the Collection Letter, Plaintiff *would not* have *wasted* time trying to understand why Plaintiff was the target of wrongful and otherwise unlawful collection activity, and Plaintiff *would not* have *wasted* time deliberating what to do about the Collection Letter. *At minimum*, all such wasted time would have been *completely* avoided had Defendant *not* sent the Collection Letter to Plaintiff – but such is not the case – and the time Defendant caused Plaintiff to waste *cannot* be undone.

29.     More importantly, had the Collection Letter *not* represented payment of the Consumer Debt as Plaintiff's direct, personal problem, Plaintiff's suffering would have been limited to the Work Injury – but such is also not the case.

30.     Notwithstanding the time which the Collection Letter caused Plaintiff to waste, Defendant, through the Collection Letter, inflicted frustration, pain, confusion, and distrust, as well as further emotional turmoil, onto Plaintiff, of which *compound* what Plaintiff endured due to the Work Injury. All of the aforementioned injuries suffered by Plaintiff constitute a concrete harm.

### *COUNT I.* <br> VIOLATION OF 15 U.S.C. § 1692e(2)(A)

31.     Plaintiff incorporates by reference paragraphs 1-30 of this Complaint as though fully stated herein.

32.     Pursuant to Fla. Stat. § 440.13(2)(a), an injured employee is entitled to "such medically necessary remedial treatment, care, and attendance for such period as the nature of the injury or the process of the recovery may require…."

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

33.     Pursuant to Fla. Stat. § 440.13(13)(a), "[a] health care provider may not collect or receive a fee from an injured employee within this state, except as otherwise provided by this chapter. Such providers have recourse against the employee or carrier for payment for services rendered in accordance with this chapter."

34.     An employee is shielded from liability in any dispute between the employer or carrier and health care provider regarding reimbursement for the employee's authorized medical or psychological treatment. *See generally* Fla. Stat. § 440.13.

35.     Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. The sixteen subsections of § 1692e set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to: "*[t]he false representation of the character, amount, or legal status of any debt*." 15 U.S.C. § 1692e(2)(A). (emphasis added).

36.     As stated above, Defendant mailed the Collection Letter to Plaintiff in an attempt to collect the Consumer Debt. The Collection Letter falsely represents that Plaintiff is responsible for the repayment of the Consumer Debt. Here, Plaintiff is not liable or otherwise responsible for the payment of the medical services rendered by LMC, as such medical services were rendered to Plaintiff as a result of a work-related injury sustained by Plaintiff.

37.     Defendant by and through the Collection Letter, falsely represents the character of the Consumer Debt, *in that*, the Collection Letter falsely represents Consumer Debt as a debt which Plaintiff is solely responsible and/or otherwise obligated to pay.

38.     Further, by and through the Collection Letter, Defendant *falsely* represents the amount of the Consumer Debt, *in that*, the $1,444.75 sought by the Collection Letter exceeds the

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

amount which the creditor, LMC, is entitled pursuant to the fee schedules and/or guidelines for services rendered to injured workers such as Plaintiff.

39.     Thus, by and through the **Collection Letter**, Defendant violated § 1692e(2)(A) of the FDCPA by falsely representing the *character* of the Consumer Debt, as well as by falsely representing the *amount* of the Consumer Debt.

40.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

(a)     Actual damages as provided by 15 U.S.C. §1692k;

(b)     Statutory damages as provided by 15 U.S.C. §1692k;

(c)     Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k; and

(d)     Any other relief that this Court deems appropriate under the circumstances.

DATED: July 17, 2020

Respectfully Submitted,

 /s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:    jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:    tom@jibraellaw.com
THE LAW OFFICES OF JIBRAEL S. HINDI
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:    954-907-1136

PAGE | **6** of **6**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com